IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MEERKAT TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DRIFT NET, LLC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br> _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY

Plaintiff Meerkat Technologies Inc. ("Meerkat") files this Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity against Defendant Drift Net, LLC ("Drift Net"), and in support of its Complaint alleges as follows:

### Nature and Basis of Action

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, based on an actual justiciable controversy between Meerkat and Drift Net. Meerkat seeks declarations and findings that: (i) it and its customers making, using or selling Meerkat products and services do not infringe any valid claims of U.S. Patent No. 10,810,845 ("the '845 patent"); and (ii) each of the claims of the '845 patent are invalid for failure to meet the requirements

of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116 thereof, and the rules, regulations, and laws pertaining thereto, thereby entitling Meerkat to an injunction, general and punitive damages, and the recovery of its attorneys' fees and costs. A true and correct copy of the '845 patent is attached hereto as Exhibit A. The '845 patent is entitled "Security System for Detecting Hazardous Events and Occupants in a Building".  The Abstract describes a gunshot detection/security system for detecting dangerous events in a school or other buildings.

### The Parties

2. Plaintiff Meerkat Technologies Inc is a Delaware corporation that is registered in Georgia as a foreign corporation with a principal place of business located at 1871 Palalto Road, Monticello, Georgia 31064, which is within this judicial district. Meerkat's primary business is providing real-time asset and personnel tracking solution services in the safety and security space. Meerkat is headquartered in this judicial district and provides services including, but not limited to software as a service, to customers located in this judicial district, throughout Georgia, and around the country.

3. On information and belief, Drift Net, LLC is a Delaware Limited Liability Company having a principal place of business at 71 S Wacker Drive, Chicago, Illinois 60606. Drift Net's primary business is

building safety systems for threat assessment, threat detection, emergency communication, and crisis management.

4. On information and belief, Drift Net sells services to customers in Georgia which directly competes with at least some of the safety solution services sold by Meerkat.

5. Drift Net claims to be the owner of the '845 patent, as set forth in a cease-and-desist letter ("Demand Letter") sent by Drift Net to Meerkat. A true and correct copy of one of Drift Net's Demand Letter to Meerkat is attached hereto as Exhibit B.

## Jurisdiction and Venue

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202 and under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

7. This Court has personal jurisdiction over Meerkat, as Meerkat has a headquarters office located in this judicial district and conducts business in this judicial district.

8. This Court has personal jurisdiction over Drift Net. On information and belief, Drift Net has engaged in extra-judicial patent enforcement conduct asserting the '845 patent against Meerkat, including

3

sending the Demand Letter on November 5, 2020 (Ex. B) to Meerkat at Meerkat's Monticello, Georgia address in this judicial district, alleging infringement of the '845 patent.

9. Specifically, Drift Net's November 5, 2020 letter states:

> We write to inform you that we believe that Meerkat Technologies LLC ("Meerkat") is currently infringing the '845 patent with its Meerkat Safe which is described on Meerkat's website: http://meerkat-tech.com/meerkat-safe.html and LinkedIn page: https://www.linkedin.com/company/meerkat-tech/.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400. Drift Net's Demand Letter and allegation of infringement against Meerkat creates an actual case or controversy as to whether Meerkat and/or its customers infringe any valid claim of the '845 patent.

11. Drift Net's Demand Letter and threats to Meerkat constitute affirmative enforcement conduct by Drift Net establishing a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## Background of Controversy

12. Meerkat began selling real-time asset and personnel tracking solutions in the safety and security space in 2018.

13. Beginning at least as early as November 2020, Drift Net began to threaten Meerkat with allegations of patent infringement. See *supra* ¶ 8. According to Drift Net's Demand Letter (Ex. B), dated November 5, 2020,

4

Drift Net alleges Meerkat is currently infringing the '845 patent with its Meerkat Safe. Drift Net then demands that Meerkat "immediately cease and desist" their sale, use or marketing of Meerkat Safe.

14. Drift Net's Demand Letter and infringement allegations asserted against Meerkat understandably caused significant concern to Meerkat, and could impact or interfere with Meerkat's relationships with its current customers, cause lost sales for current and future customers, and harm Meerkat's business reputation.

15. On information and belief, Drift Net does not understand the fundamental operation of Meerkat Safe, but rather based their infringement allegations on descriptions "on Meerkat's website" "and LinkedIn page". See *supra* ¶ 8. Therefore, upon information and belief, Drift Net does not have detailed knowledge whether Meerkat's Meerkat Safe actually infringes the '845 patent. Consequently, Drift Net's assertions of patent infringement against Meerkat are baseless and made in bad faith.

16. <u>The Demand Letter does not contain factual allegations concerning the specific areas in which Meerkat infringes the '845 patent or are covered by the claims in the '845 patent. Accordingly, on information and belief, prior to sending the Demand Letter, Drift Net failed to conduct an analysis comparing the claims in the '845 patent to Meerkat Safe, or if such</u>

<u>analysis was done it does not identify specific areas in which Meerkat Safe is covered by the claim in the '845 patent.</u>

17.  Upon information and belief, Meerkat's Meerkat Safe does not infringe the '845 patent.

18.  On information and belief, prior to sending its Demand Letter to Meerkat, Drift Net did not conduct a meaningful analysis comparing the claims of the '845 patent in connection to Meerkat's Meerkat Safe.  If such an infringement analysis had been conducted, details concerning that infringement analysis were not provided in the Demand Letter to Meerkat.

19.  Regardless of whether Meerkat's Meerkat Safe infringes the '845 patent, the '845 patent is invalid. Meerkat has been selling and promoting Meerkat Safe since at least 2018, which is prior to the earliest filing date to which the '845 patent is entitled.  Specifically, the '845 patent's earliest possibly effective filing date is 11 JAN 2019 based on applicant's claim of benefit to provisional patent application 62/791,459 (assuming 62/791,459 provides sufficient enablement for the pertinent claims, which Meerkat may contest). Accordingly, even if Meerkat's Meerkat Safe fell within the scope of the claims of the '845 patent, Meerkat would still not be liable for patent infringement, because then the '845 patent is invalid under 35 U.S.C. § 102 on the grounds the claimed security service had been on sale, by Meerkat, well

before the actual and effective filing date of the '845 patent.

20. Meerkat's ability to sell to and service its customers within this judicial district and elsewhere, is threatened by Drift Net's infringement allegations.

## COUNT I

## Declaration of Non-Infringement

21. Meerkat reincorporates and realleges the allegations of Paragraphs 1 through 20 *supra* as if fully set forth herein.

22. Drift Net alleged that Meerkat infringes the '845 patent by selling and offering for sale Meerkat's Meerkat Safe.

23. Meerkat's Meerkat Safe does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '845 patent either directly, contributorily, by inducement, jointly, or in any other manner.

24. Based on Drift Net's Demand Letter and threats against Meerkat (Ex. B), an actual case or controversy exists as to whether Meerkat infringes any valid or enforceable claim of the '845 patent.

25. Meerkat is entitled to a judicial declaration and determination that it and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, any valid and enforceable claims of the '845

patent, whether directly, contributorily, by inducement, jointly, or in any other manner.

## COUNT II

### Declaration of Invalidity

26. Meerkat reincorporates and realleges the allegations of Paragraphs 1 through 20 *supra* as if fully set forth herein.

27. One or more claims of the '845 patent are invalid under the United States Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116 thereof, and the rules, regulations, and laws pertaining thereto. An actual and justiciable controversy exists between the parties concerning the validity of the '845 patent.

28. One or more claims of the '845 patent are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are barred, anticipated and/or rendered obvious by the prior art, including offers for sale, by Meerkat, made more than one year before the actual or effective filing date of the '845 patent.

29. One or more claims of the '845 patent are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, and/or lack sufficient written description.

30. Meerkat seeks and is entitled to a judicial declaration and determination that each claim of the '845 patent is invalid for failure to meet

the requirements of at least 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

## COUNT III

## O.C.G.A. §10-1-770

31. Meerkat reincorporates and realleges the allegations of Paragraphs 1 through 20 *supra* as if fully set forth herein.

32. On information and belief, Drift Net has made a bad faith allegation of patent infringement against Meerkat.

33. On information and belief, Drift Net's <u>Demand Letter does not contain factual allegations concerning the specific areas in which Meerkat infringes the '845 patent or that Meerkat Safe is covered by the claims in the '845 patent, Drift Net failed</u> to conduct an adequate infringement analysis prior to asserting patent infringement claims against Meerkat, and Drift Net knew, or should have known, that its assertions are meritless.

34. On information and belief, Drift Net knew or should have known that the '845 patent is invalid.

35. On information and belief, Drift Net's actions constitute a bad faith assertion of patent infringement in violation of O.C.G.A. §10-1-770 *et seq*.

36. Based upon Drift Net's unlawful conduct, Meerkat has suffered

9

injury to its business and reputation, thereby entitling it to an injunction and the recovery of its damages, including punitive damages and attorneys' fees.

## Jury Demand

Meerkat demands a jury trial on all issues so triable.

## Request for Relief

WHEREFORE, Meerkat respectfully requests that the Court enter judgment:

A. That Meerkat's Meerkat Safe does not infringe any valid claim of the '845 patent;

B. That the claims of the '845 patent are invalid;

C. That Drift Net has violated the Georgia Bad Faith Patent Assertion Act, O.C.G.A. § 10-1-770 *et seq.*;

D. That Drift Net, its principals, officers, directors, employees, and others acting on behalf of or in concert with them, be permanently enjoined from alleging that Meerkat's Meerkat Safe infringes the '845 patent;

E. That the court enjoin and restrain Drift Net from and against threatening, filing or prosecuting any legal actions against persons or entities making, using and/or selling the Meerkat Safe or any other Meerkat product of service;

F.  That Meerkat is entitled to recover its damages, including punitive damages, costs and attorneys' fees for Drift Net's violation of Georgia's Bad Faith Patent Assertion Act;

G.  <u>That Drift Net post a bond in an amount equal to a good faith estimate of Meerkat's expenses of litigation.</u>

H.  That this case is exceptional and awarding Meerkat its attorneys' fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and

I.  Granting Meerkat such additional relief as the Court may deem just and proper.

Respectfully submitted, this 15th day of December, 2020.

**DUNLAP BENNETT & LUDWIG PLLC**

*s/ David Ludwig*
David Ludwig
State Bar of Georgia No. 425787
Dunlap Bennett & Ludwig PLLC
211 Church Street SE
Leesburg, Virginia 20175
Tel: (703) 777-7319
Fax: (703) 777-3656
Email: dludwig@dbllawyers.com

*s/ Geoffrey M. Dureska*
Geoffrey M. Dureska
State Bar of Georgia No. 783906
Dunlap Bennett & Ludwig PLLC
1870 The Exchange, SE, STE 200
Atlanta, Georgia 30339

Tel: (404) 692-5953
Fax: (404) 596-5283
Email: gdureska@dbllawyers.com

*Attorneys for Plaintiff Meerkat Technologies Inc.*