IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MEERKAT TECHNOLOGIES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-471 (MTT) |
| | ) |
| **DRIFT NET, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

After Drift Net failed to retain replacement counsel within the timeframe prescribed by the Court, Meerkat moved for default judgment. Doc. 59. Consequently, the Court ordered Drift Net, through its newly retained counsel, to show cause "why default should not be entered against it and why Drift Net's counterclaims should not be dismissed for failure to comply with the Court's order." Doc. 67. The Court directed Drift Net to only respond to the Court's show cause order and that a separate response to Meerkat's motion for entry of default and a motion to dismiss Drift Net's counterclaims (Doc. 59) was not required. *Id.* at n. 2.

Before Drift Net's response to the Court's show cause order was filed, Meerkat filed a motion to compel. Doc. 69. In that motion, Meerkat alleged Drift Net's responses to "specific Interrogatories and Requests for Production … failed to identify or produce any responsive documents, facts, or witnesses." *Id.* at 1. Meerkat contends Drift Net's responses "lacked any substantive answers and only included boilerplate 'general objections' … which are wholly inadequate and completely defeat the purpose of

discovery." *Id.* As such, Drift Net requests the Court compel Drift Net "to provide good faith and proper supplemental responses and to produce documents responsive to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production." *Id.* at 9. Drift Net's response to Meerkat's motion to compel is not yet due.

Drift Net has now responded to the Court's show cause order. Doc. 70. In that response, Drift Net claims its failure to retain replacement counsel in the timeframe prescribed by the Court was "due to an unfortunate confluence of employee absences from COVID-related illnesses, as well as the concurrent winter holidays and an internal miscommunication between its executives[.]" *Id.* at 2. Although "Drift Net fully intended to timely retain counsel and meet all applicable deadlines … internal miscommunications resulted in an administrative breakdown causing Drift Net to delay in retaining new counsel." *Id.* at 5-6. As such, Drift Net submits that "good cause exists for this Court to refrain from entering default against it and respectfully requests that the Court enter a new schedule so as to enable this litigation to proceed towards a resolution on the merits." *Id.* at 1.

In the Eleventh Circuit, "there is a strong policy of determining cases on their merits" and default is generally disfavored. *In re Worldwide Web Sys.*, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). Here, Drift Net eventually retained replacement counsel (Doc. 65) and thus can now defend itself on the merits. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.)". Giving Drift Net the benefit of the doubt that "COVID-related illnesses," the "winter holidays," and "internal miscommunications" precluded Drift Net

from retaining replacement counsel within the timeframe directed, the Court finds Drift Net's response to the Court's show cause order satisfactory.  Accordingly, Meerkat's motion for entry of default (Doc. 59) is **DENIED**.

Drift Net's response also addresses Meerkat's motion to compel.  Specifically, Drift Net requests "30 days from entry of the order to supplement its responses to Plaintiff's outstanding discovery requests."  Doc. 70 at 9.  That request is **GRANTED**.  Drift Net shall submit full and complete responses to Meerkat's "First Set of Interrogatories" and Meerkat's "First Set of Requests for Production" bearing in mind that Drift Net has likely waived all objections except as to privilege.  Accordingly, Meerkat's motion to compel (Doc. 69) is **DENIED without prejudice** and subject to renewal if Drift Net fails to supplement as promised.  *See* Doc. 70 at 9 n. 3.

Finally, Drift Net requests the Court set a variety of additional deadlines.  *Id.* at 9-10.  That request is **DENIED**.  The parties are **ORDERED** to meet and confer and submit a revised joint scheduling order **by January 28, 2022**.

**SO ORDERED**, this 25th day of January, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
