IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MEERKAT TECHNOLOGIES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-471 (MTT) |
| | ) |
| **DRIFT NET, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Pursuant to the Court's Order (Doc. 71), Meerkat and Drift Net submitted a revised joint scheduling order on January 28, 2022.  Doc. 72.  However, the parties still disagree on whether deadlines for opening claim construction briefs should be reset.  *Id.* at 2.  Specifically, "Meerkat did not understand the Court's ruling on the Show Cause Order (Doc. 71) relieving Drift Net from dismissal of its Counterclaims and a default judgment against it to permit an extension of time to Drift Net for Claim Construction Briefings," the deadline for which has now passed.  *Id.* at 2-3.  On the other hand, "Drift Net understood the Court's Order (Doc. 71) as requiring the parties to confer and agree to a new schedule for both the existing deadlines not yet passed and the claim construction deadlines which passed while Drift Net was unrepresented by counsel."  *Id.* at 3 n. 3.  Drift Net claims it "will suffer extreme prejudice—indeed, the equivalent of a default judgment—if the Court does not allow Drift Net to address claim construction in this case."  *Id.* at 3.  Such an accommodation, Drift Net argues, is appropriate because

"Drift Net did not timely file its opening claim construction brief because of excusable neglect." *Id.* at 3-4 n. 3 (citing Doc. 70).

With respect to Drift Net's "excusable neglect," the Court found that argument tenuous at best. *See* Doc. 71 at 2-3. ("Giving Drift Net the benefit of the doubt that 'COVID-related illnesses,' the 'winter holidays,' and 'internal miscommunications' precluded Drift Net from retaining replacement counsel within the timeframe directed, the Court finds Drift Net's response to the Court's show cause order satisfactory."). But because default is generally disfavored, the Court allowed Drift Net to proceed. *Id.* (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). While Drift Net argues "extreme prejudice" will be suffered "if the Court does not allow Drift Net to address claim construction in this case," Meerkat notes "Drift Net may still defend itself on the merits given that it has not been subjected to the penalty of dismissal and default[.]" Doc. 72 at 3.

In short, Drift Net is on thin ice. Accordingly, the Court will permit Drift Net to file a proposed opening claim construction brief and proposed responsive brief, but those briefs will be due by February 24, 2022, rather than the later date requested by Drift Net.[1] The Court reserves decision on whether to consider those briefs. Meerkat's responsive brief, as requested, shall be filed by March 21, 2022.[2]

---

[1] Drift Net requested a deadline of March 1, 2022. Doc. 72 at 3. Because Drift Net's "full and complete responses to Meerkat's 'First Set of Interrogatories' and Meerkat's 'First Set of Requests for Production'" are due February 24, 2022, (Doc. 71 at 3), so too shall Drift Net's opening claim construction and responsive briefs be due.

[2] The Court notes that Meerkat already filed a responsive claim construction brief. Doc. 68. In that brief, Meerkat merely submits that "because there is no alternative claim construction presented by Drift Net that the Court adopt Meerkat's claim construction as set forth in its Opening Claim Construction Brief." *Id.* Because the Court has now granted Drift Net the opportunity to file a late opening claim construction brief, Meerkat's existing responsive claim construction brief (Doc. 68) is struck. As to the timeline for Meerkat's reply and Drift Net's sur-reply, the Court will defer to the parties. *See* Doc. 72 at 5.

**SO ORDERED**, this 31st day of January, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
